PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD ANSON, | ) |
| | ) CASE NO. 4:12cv357 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| CORRECTIONS CORPORATION | ) |
| OF AMERICA, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | |

*Pro se* Plaintiff Donald Anson filed this *Bivens* action against Corrections Corporation of America ("CCA"), "Unnamed Owners," and "Named and Unnamed Staff of NEOCC" in the United States District Court for the Western District of Pennsylvania. The case was transferred to this Court on February 14, 2012. In the Complaint, Plaintiff alleges that he was denied access to the courts when he was detained at the Northeast Ohio Correctional Center ("NEOCC") in 2006. He seeks monetary relief.

**I. Background**

Plaintiff contends that he was housed in NEOCC from March 2006 until July 2006. ECF No. 3 at 2. He alleges that he was denied reasonable access to the law library. ECF No. 3 at 2. He claims at times he was permitted to use the library only one hour per week. ECF No. 3 at 2. He further alleges that the law library lacked basic printed materials such as federal reporters civil rules, and legal dictionaries. ECF No. 3 at 2. He contends that the two computers in the facility seldom worked and the prison staff refused to correct the problem. ECF No. 3 at 2. He alleges that his lawsuit, *Anson v. Bailey*, No. 1:06 CV 394 (W.D.N.Y. dismissed Feb. 18, 2009)

(4:12cv357)

was dismissed due to "an error in filing which would not have occurred with access to the rules. ECF No. 3 at 3. He seeks $ 75,200.00 in damages.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. Bell Atl. Corp., 550 U.S. at 555.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

(4:12cv357)

The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

#### A. **Corrections Corporation of America**

As an initial matter, Plaintiff cannot assert a *Bivens* claim against CCA. *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as the federal prison, the Bureau of Prisons, or the United States Government. *Id.*

CCA, which owns and operates NEOCC, is a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74. (pointing out that when a prisoner in a Bureau of Prisons facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer). Plaintiff therefore cannot bring a *Bivens* action against CCA for denial of access to the courts.

3

(4:12cv357)

## B. "Named and Unnamed Staff of NEOCC"

The Supreme Court further declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci v. Pollard*, 565 U. S. ___, 2012 WL 43511 at* 10, slip op. (U.S. Jan. 10, 2012). "A federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving negligent exposure to infectious disease which is at issue here), must seek a remedy under state tort law." *Id.* A *Bivens* remedy cannot be implied.

While *Minneci* clearly bars Eighth Amendment claims against individual employees of a private prison, it remains unclear whether First Amendment claims, such as those asserted here by Plaintiff, are of the type which fall within the scope of traditional tort law. *Id*. at 626 ("[W]e can decide whether to imply a *Bivens* action in a case where an Eighth Amendment claim or state law differs significantly from those at issue here when and if such a case arises. The possibility of such a different future case does not provide sufficient grounds for reaching a different conclusion here"). Plaintiff's First Amendment claims, however, clearly fail to state a claim upon which relief may be granted, and are dismissed.

First, the Court notes that Plaintiff asserts these claims six years after the events upon which they are based occurred. In addressing the timeliness of a federal constitutional damages action, "the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985).

(4:12cv357)

That practice applies to *Bivens* actions as well as to actions filed under 42 U.S.C. § 1983. *Harris v. U.S.*, 422 F.3d 322, 331 (6th Cir. 2005). Ohio's two year statute of limitations for bodily injury therefore applies to these claims. See *Id.*; *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995).

Plaintiff claims he was denied access to the courts from March 2006 to July 2006. ECF No. 3 at 2. This action was filed in the Western District of Pennsylvania on November 14, 2011, over 5 years later. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See *Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

Furthermore, even if this claim were not clearly time-barred, it fails to state a claim upon which relief may be granted. To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of the Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an

(4:12cv357)

element that must be described in the Complaint...." *Christopher*, 536 U.S. at 415.

To demonstrate an actual injury, Plaintiff alleges he filed *Anson v. Bailey*, No. 1:06 CV 394 (W.D.N.Y. dismissed Feb. 18, 2009) in the United States District Court for the Western District of New York which he claims was dismissed due to "an error in filing which would not have occurred with access to the rules." ECF No. 3 at 3. Plaintiff contends that he was incarcerated at NEOCC from March 2006 to July 2006. Case No. 1:06 CV 394 was filed on June 15, 2006 against medical personnel at the Buffalo Federal Detention Facility for an injury Plaintiff sustained at that facility in 2005.[2] In that Complaint, Plaintiff listed his "present place of confinement" on June 15, 2006 as the Buffalo Federal Detention Facility, not NEOCC. *See Anson v. Bailey*, No. 1:06 CV 394 (W.D.N.Y. dismissed Feb. 18, 2009). Moreover, that case was dismissed on the merits nearly three years later in 2009. The Court determined that the Plaintiff failed to state a claim against the Defendants in their official capacities, and the Defendants were immune from damages in their individual capacities. Contrary to Plaintiff's assertion, he was not at NEOCC when he filed *Anson v. Bailey*, No. 1:06 CV 394 (W.D.N.Y. dismissed Feb. 18, 2009), and it was not dismissed due to an error in filing "which would not have occurred with access to the rules." There is no indication that any individual at NEOCC denied Plaintiff access to the courts.

Finally, even if the claim were not clearly time barred, and if he had shown actual prejudice, the allegations in the Complaint do not sufficiently state a claim against any particular

---

[2] The Court takes note of the docket of the United States District Court for the Western District of New York.

(4:12cv357)

individual at NEOCC. A prison official may be held liable for the deprivation of the First Amendment right of access to the courts only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). To state a claim against a Defendant in his or her individual capacity, Plaintiff must allege that the Defendant was personally involved in the activities which caused the actual injury. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff merely asserts his claim against "Named and Unnamed Staff at NEOCC." This designation is insufficient to hold any particular individual liable for damages.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| July 11, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |